Wash. J.
 

 The case presents but one question for the decision of this Court. Were the instructions, asked for by the counsel of the defendants, such as ought to have been given ? If so, the presiding Judge erred in refusing them and there ought to be a
 
 venire de novo.
 
 It appears from the case, that the plaintiffs were the owners of a promissory note executed by the defendants, and which they placed in the hands of Thomas B. Wright, deputy sheriff of the County, for collection. Judgment was taken upon it, and in a settlement between the plaintiffs and Wright, the amount due upon it was paid by the latter. Whether this latter transaction between the sheriff and the plaintiffs was a discharge of the judgment, or a sale to the former, is the matter in contest. The action is upon the former judgment. On the part of the plaintiffs, it was contended, that Wright was a purchaser of the
 
 *327
 
 judgment, which, therefore, was not extinguished. By the defendants, it was contended, that the payment of the money by Wright was a discharge of it. A statement in writing was made by Isaac N. Null, one of the plaintiffs, in which, after acknowledging the payment by Wright, he says, “but (he) mentioned, that he was paying the said debt out of his own funds. I never traded or transferred to any person whatever, neither have I ever authorised, any person to collect said debt since,”
 
 fyc.
 
 The deposition of Thomas B. Wright was taken on behalf of the plaintiffs. He states, that, “on a settlement with Null I paid him off that judgment. I told him I had not received any money from the defendants on said debt. Null then told me, I could take the judgment and use it as my own, and I then let Job Worth have it, for which he paid me its full value, and neither of the defendants ever paid me anything on said judgment.” The defendants’ counsel asked the Court to charge the jury, that, “according to the statement made by the plaintiffs, and according to the testimony of Wright alone, the judgment had been paid off by Wright, and not purchased by him.” The Court declined so to charge, but told the jury, that “the statement made by the plaintiffs proved a payment, but it was a question for them to decide, whether the testimony of Wright proved a purchase or a payment.” Of the first branch of the charge, the defendants cannot complain— they got the full benefit of what they asked on that point. His Honor could not give the instructions, as respected the deposition of Wright, According to that testimony, his payment of the money was an officious one. As such, it afforded no protection to the defendants against the judgment. A plea of payment by a stranger is demurrable.
 
 Sherwood v. Collins, 3
 
 Dev. Rep. 381. Wright was a stranger to the judgment. Neither would such a payment have conferred upon him any legal interest in it or claim against the defendants for the money. But it is
 
 *328
 
 further contended by the defendants’ counsel, that the testimony of Wright being in paper, the construction of it was a matter of law, and that it was error to leave it to the jury. Wright, in his deposition, does not swear, in so many words, that he had purchased the judgment, but he stated circumstances, from which, if true, a reasonable presumption might be inferred, that a sale to him did take place. In such case it is not error in law, for the Court to submit the matter to the jury to be passed on by them, although it might think the jury would be well justified in not inferring the fact of a sale.
 
 Blackledge
 
 v.
 
 Clark, 2
 
 Ire. 394. The jury might, indeed, have refused to find a sale and purchase, but the circumstances detailed by Wright certainly tend to that conclusion. In the language of the Court in the case last cited, ‘'they raise some suspicion or presumption,” that such was the fact. Wright was the agent of the Nulls to collect the money, and if, at the time he paid the money, he did not purchase the judgment, he knew, as before stated, he would be entirely in the power of the defendants, and it would be at their option to refund the money or not. The presumption is strong, that he did not intend to make them a present of the money. The presiding Judge, therefore, com. raitted no error in submitting to the jury the construction of his testimony. Nor does it make any difference, that his testimony was in writing — the same rule would apply to it, as if he had been examined before the jury, and had used the same language.
 

 Per Curiam.
 

 Judgment affirmed.